**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CR-617 CAS |
| | ) | |
| KIMBERLEY ANN MCWILLIAMS FERGUSON, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Kimberley Ann McWilliams Ferguson's Motion to Reconsider Sentence and Judgment. The government opposes the motion. For the following reasons, the Court will grant the motion, vacate the Judgment in a Criminal Case dated April 3, 2007, and resentence defendant Ferguson.

**Background**.

On April 3, 2007, the Court conducted sentencing hearings for defendant Ferguson and her co-defendant, Betty Joanne McWilliams. As agreed to by the parties and adopted by the probation office, Ferguson's advisory guideline sentencing range of imprisonment was ten to sixteen months. Presentence Investigation Report (PSR), Part D at 9, ¶58. Ferguson reserved the right to request a sentence outside of the advisory guideline sentencing range.

Pursuant to United States Sentencing Guidelines Manual § 5C1.1(d) (2006), the minimum term of that range may be satisfied by

> a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in
> subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment.

Guidelines § 5C1.1(d) (2006).

Ferguson's co-defendant, Kris Allen McWilliams, who the government considered equally culpable as Ferguson, see PSR, Part A at 3, ¶13, also had an advisory sentencing guideline range of imprisonment of ten to sixteen months. See Plea Agreement, Guideline Recommendations, and Stipulations [Doc. 57]. On February 27, 2007, the Court sentenced Kris McWilliams within the advisory guideline range to five months imprisonment, five months of home confinement and three years of supervised release. See Judgment [Doc. 75].

Ferguson's other co-defendant, Betty Joanne McWilliams, who the government considered the most culpable defendant, had a base offense level of 13 resulting in a guideline range of twelve to eighteen months. See Plea Agreement, Guideline Recommendations, and Stipulations [Doc. 53]. On April 3, 2007, this Court sentenced Betty McWilliams to a term of imprisonment of twelve months and one day to be followed by two years of supervised release. See Judgment [Doc. 89].

On April 3, 2007, the Court sentenced Ferguson outside of the ten to sixteen month advisory guideline range to nine months imprisonment to be followed by two years supervised release. The Court specifically stated that it was reducing the advisory sentencing guideline range by one month because of Ferguson's health condition. Thus, the Court sentenced Ferguson to a non-guideline sentence.

**Discussion**.

Ferguson asks the Court to reconsider her sentence on the basis that she received a greater sentence of imprisonment than an equally culpable co-defendant, and a sentence that is effectively one month less than the most culpable defendant. Ferguson contends that because the Court stated it was reducing her sentence below the advisory guideline range by one month because of her health conditions, her sentence does not appear to reflect the Court's intent. In particular, Ferguson states

that although the Court appeared to intend to give her the benefit of a sentence outside of the advisory range under 18 U.S.C. § 3553(a), the effect was to give her a sentence of four months more imprisonment than her equally culpable co-defendant Kris McWilliams, who had the same advisory sentencing range as Ferguson and for whom the Court did not find that a sentence outside the advisory guideline range was appropriate.

With respect to the most culpable defendant, Betty McWilliams, Ferguson states that with a sentence of one year and one day, Betty McWilliams will be eligible for fifty-four days of good time credit. Assuming that Betty McWilliams earns that credit, Ferguson states that Betty McWilliams will serve approximately one month more time than Ferguson, who will not be eligible for good time credit.

Ferguson is correct that the Court intended to give her the benefit of a sentence outside the advisory guideline range and, as an unintended result, she received a substantially greater sentence of imprisonment than her equally culpable co-defendant, Kris McWilliams, who had the same guideline range and criminal history as Ferguson. In addition, the Court intended to sentence the defendants in accordance with 18 U.S.C. § 3553(a)(6), which requires a court in determining a sentence to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See, e.g., United States v. Medearis, 451 F.3d 918, 921 (8th Cir. 2006) (quoting 18 U.S.C. § 3553(a)(6)). The Court finds that the sentence imposed on Ferguson is contrary to § 3553(a)(6), as there is no justification in the record for sentencing her to a longer term of imprisonment than her co-defendant Kris McWilliams.

Ferguson notes that Rule 35(a) and Rule 36, Federal Rules of Criminal Procedure, provide for the correction of sentences, but does not specify under which rule she brings her motion. The government states that Rule 35 does not seem to allow a change in the sentence under these

3

circumstances. The Court disagrees. Rule 35(c) provides for correction of a sentence "that was imposed as a result of arithmetical, technical, or other clear errors." Fed. R. Crim. P. 35(c). At the time Congress added this language to Rule 35, it explained the scope of the rule as follows:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action . . . . The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.

Fed. R. Crim. P. 35, Advisory Comm. Notes, 1991 Amendments.

The Court believes that this is such a situation. In imposing the sentences of Ferguson and Kris McWilliams, the Court was required to be guided by relevant factors which include the need to avoid unwarranted sentence disparities among defendants with similar records who are guilty of similar conduct. See 18 U.S.C. § 3553(a)(6). Although Ferguson and Kris McWilliams were charged with the same conduct, are equally culpable, and have the same criminal history category, the sentence of imprisonment imposed on Ferguson was four months longer than that of Kris McWilliams. This is a significant disparity where the sentences are for less than a year. There is no possible justification in the record for such a difference, and Ferguson's sentence is therefore an obvious error or mistake. This error resulted in an unwarranted sentence disparity between two defendants with similar records who have been found guilty of similar conduct, in contravention of the principles of 18 U.S.C. § 3553(a)(6)). The Court believes this unwarranted disparity would ultimately result in the remand of this case for further action.

**Conclusion**.

For the foregoing reasons, the Court will grant Kimberley Ann McWilliams Ferguson's Motion to Reconsider Sentence and Judgment under Rule 35(a), Fed. R. Crim. P., will vacate the

Judgment in a Criminal Case dated April 3, 2007, and will issue an Amended Judgment to sentence Ferguson to five months imprisonment, five months home confinement, and three years supervised release, which is the same sentence imposed on co-defendant Kris McWilliams. Ferguson's presence is not required for the imposition of the new sentence. See Rule 43(b)(4), Fed. R. Crim. P.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Kimberley Ann McWilliams Ferguson's Motion to Reconsider Sentence and Judgment is **GRANTED**. [Doc. 82]

**IT IS FURTHER ORDERED** that the Judgment in a Criminal Case dated April 3, 2007 is **VACATED**. [Doc. 90]

**IT IS FURTHER ORDERED** that Kimberley Ann McWilliams Ferguson is sentenced to a term of five months imprisonment, five months home confinement, and three years supervised release, and that the Clerk of the Court shall prepare an Amended Judgment in a Criminal Case which conforms to this Memorandum and Order.

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __6th__ day of April, 2007.